IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANASTASIOS SMALIS, | ) |
| Plaintiff, | ) ) ) 2:19-CV-1609-NR |
| v. | ) |
| CITY OF PITTSBURGH, et al., | ) |
| Defendants. | ) |

### MEMORANDUM ORDER[1]

Plaintiff Anastasios Smalis, proceeding *pro se*, brings Section 1983 claims for unlawful takings of his property. Before the Court are Defendants' motions to dismiss the fifth amended complaint. ECF 93 (City of Pittsburgh's motion to dismiss); ECF 110 (Allegheny County's motion to dismiss). At the outset of this case, Mr. Smalis was represented by counsel, but Mr. Smalis is now proceeding *pro se*. ECF 80. As such, the Court is required to liberally construe his allegations. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). Even with that benefit, all of Mr. Smalis's claims fail as a matter of law. So, the Court grants Defendants' motions to dismiss for the following reasons.

***First*, Count 1 is time-barred by the applicable statute of limitations.** Count 1 is a facial challenge to a City zoning ordinance that was enacted in 2005 and which re-zoned certain property that impacted Mr. Smalis's development plans. ECF 90, ¶ 23 & p. 20. "The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). In Pennsylvania, the statute of

---

[1] The Court presumes the parties' familiarity with the facts, and so will not repeat them, and will otherwise refer to the relevant factual averments within the analysis.

limitations for personal-injury claims is two years. 42 Pa. Cons. Stat. Ann. § 5524. Under federal law, a cause of action accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Kach*, 589 F.3d at 634 (cleaned up).

"In the context of a facial takings challenge, the limitations period accrues when the purportedly unconstitutional statute or regulation is enacted or becomes effective." *Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe–Jiménez*, 659 F.3d 42, 50 (1st Cir. 2011). Here, as alleged, the zoning ordinance was enacted in 2005. ECF 90, p. 2. That is the relevant accrual date, and it is also a date that is 14 years before this action was filed. The claim is therefore time-barred.

To get around the statute of limitations, Mr. Smalis tries to toll it. He asserts that the City's actions constitute a continuing violation. ECF 107, p. 20. But even assuming that this doctrine could apply to a facial challenge to an ordinance,[2] Mr. Smalis cannot rely on it. This is so because the doctrine "does not apply when plaintiffs are aware of the injury at the time it occurred." *Bennett v. Susquehanna Cnty. Child. & Youth Servs.*, 592 F. App'x 81, 85 (3d Cir. 2014) (cleaned up). Mr. Smalis was aware of the ordinance for many years, as his own allegations reflect. ECF 90, ¶ 23 (alleging that Mr. Smalis knew of the 2005 zoning ordinance as of 2015). So, tolling cannot save his claim.

*Second*, **Count 2 is not ripe.** In Count 2, Mr. Smalis asserts an as-applied challenge to the 2005 zoning ordinance. ECF 90, p. 21. This claim is not ripe because

---

[2] Mr. Smalis cites no cases where a court has applied this tolling doctrine in the context of a facial constitutional challenge. It would appear to be ill-fitting to such a claim because the continuing-violation doctrine focuses on the "defendant's affirmative acts," which would appear to be largely irrelevant to a facial challenge. *Cowell v. Palmer Twp.*, No. 99-3216, 1999 WL 1212180, at *2 (E.D. Pa. Dec. 16, 1999), *aff'd*, 263 F.3d 286 (3d Cir. 2001).

it is not "final." In *Knick v. Twp. of Scott, Pa.*, the Supreme Court re-affirmed the requirement that for an as-applied takings claim to be ripe, it must be final—in other words, the zoning authority has made a final determination that the ordinance applies in the way the plaintiff asserts. 139 S. Ct. 2162, 2169 (2019). The finality burden isn't heavy, but it still must be satisfied to bring a takings claim in federal court. *Pakdel v. City and Cnty. of San Francisco, Ca.*, 594 U.S. 474, 479 (2021) (stating that "*de facto* finality" is required to ensure "that a plaintiff has actually been injured by the Government's action and is not prematurely suing over a hypothetical harm" (cleaned up)).

For purposes of finality, "[i]t is well established that, in § 1983 cases involving land-use decisions, a property owner does not have a ripe claim until the zoning authorities have had an opportunity to arrive at a final, definitive position regarding how they will apply the regulations at issue to the particular land in question." *Lauderbaugh v. Hopewell Twp.*, 319 F.3d 568, 574 (3d Cir. 2003) (cleaned up) (holding that the plaintiff's claim was ripe because the township's threat to institute state court litigation threatened a concrete injury). "This finality rule recognizes that, with respect to zoning disputes, a property owner suffers no mature constitutional injury until the zoning authority defines the application of the zoning ordinance and defines the harm to the owner." *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1291 (3d Cir. 1993).

Here, Mr. Smalis has not pled finality for Count 2 against the City because he has not alleged any facts showing that he applied for and was denied a variance. *Pakdel*, 594 U.S. at 480 (stating that "plaintiff's failure to properly pursue administrative procedures may render a claim unripe *if* avenues still remain for the government to clarify or change its decision." (emphasis original)); *see, e.g.*, *N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1229-30 (10th Cir. 2021) (affirming dismissal of takings claim as unripe because the plaintiff had not obtained a final decision

because it had not submitted a development proposal for the board to review); *Silex W., LLC v. Bd. of Cnty. Comm'rs of Summit Cnty., Co.*, No. 21-61, 2021 WL 4477326, at *5 (D. Colo. Sept. 30, 2021) (holding takings claim was not ripe because the plaintiff had not sought a variance); *Blackburn v. City of Orange Beach*, No. 20-28, 2021 WL 1572563, at *7 (S.D. Ala. Apr. 21, 2021) (same); *NDC Equities Downtown PS, LLC v. City of Palm Springs*, No. 19-100, 2020 WL 6145103, at *4 (C.D. Cal. Oct. 12, 2020) (same). Mr. Smalis doesn't allege that he applied for and was denied a variance. As such, the City's zoning authority has not had the opportunity to define the application of the ordinance to Mr. Smalis's property or define the harm to him. *Taylor Inv., Ltd.*, 983 F.2d at 1291. Because Mr. Smalis has not pleaded finality, his as-applied challenge is not ripe.[3]

**Third**, **Count 3 is time-barred by the applicable statute of limitations.** In Count 3, Mr. Smalis alleges that the City's actions in granting a permit to a utility company to construct electrical poles and wires on his property constitute takings. ECF 90, p. 22. The gist of this claim is that the permitting of the work to construct the electrical poles and wires by the City was a taking; this then made it difficult for him to repair his roof; and when he failed to do that, the City then later condemned the property.[4]

---

[3] This isn't some toothless requirement. Land use is often a back-and-forth process. Mr. Smalis alleged that he had development plans that were stymied by the re-zoning ordinance. ECF 90, ¶¶ 23-25. But if he had applied for a variance, he could have presented those plans to the zoning board, and the board could have provided relief, or worked with him on certain compromises. Mr. Smalis doesn't plead that he went through such a process, and was finally denied. This is also not a pleading oversight; Mr. Smalis expressly cites *Knick* and the ripeness requirement in his complaint. *Id.* at 26.

[4] The Court views this claim as more of an attack on the City's permitting of the work of the utility, not the City's ultimate condemnation action. To the extent that the claim involves the condemnation actions by the City, it fails as a matter of law. For purposes of the Takings Clause, "[p]roperty is not 'taken' where a city or other appropriate public authority has acted pursuant to its right and obligation to ensure

As to Mr. Smalis's claims related to the electrical poles and wires, as discussed above, the statute of limitations for Section 1983 claims in Pennsylvania is two years. *See Kach*, 589 F.3d at 634; 42 Pa. Cons. Stat. Ann. § 5524. According to Mr. Smalis, he first wrote to "Electric Utility" about the wooden cross member that was partially over the roof of his property on September 8, 2010. ECF 90, ¶ 10. Mr. Smalis also alleges that the City granted the utility company a permit to install an electrical pole in 2012. *Id.*, p. 2 & ¶ 12. As alleged in in the fifth amended complaint, Mr. Smalis was aware of problems with the electrical poles and wires in question at the latest by 2012, seven years before he filed his first complaint in this case. *See* ECF 1 (filed on December 13, 2019). Because the statute-of-limitations defense is clear from the face of the fifth amended complaint, the Court dismisses this claim as time-barred. *Beltz*, 279 F. Supp. 3d at 578.[5]

---

public safety in remediating a dangerous condition." *Bruce v. City of Pittston, Pa.*, No. 23-711, 2023 WL 6609023, at *8 (M.D. Pa. Oct. 10, 2023) (holding that the City was acting pursuant to its police power when it demolished a condemned building), *appeal filed*, (3d Cir. Nov. 24, 2023).

[5] Along with his as-applied challenge to the 2005 zoning ordinance, Mr. Smalis also makes passing reference to three other possible claims as part of Count 3. To the extent these are separate claims, they also fail.

First, Mr. Smalis alleges that the City's installation of a water line through his property constitutes a taking. ECF 90, ¶ 34. Mr. Smalis asserts he contacted the Pittsburgh Water & Sewer Authority, the PWSA denied knowledge of the water line, he submitted a "right to know" law request to the City, and the City never responded. *Id.* He alleges that these requests and responses (or lack thereof), taken together, prove that the City enacted a permanent taking when the PWSA replaced the water line. *Id.* To the extent that this is a claim against PWSA, it fails because PWSA is not a party. Otherwise, the pleading connection between the water line and the City is too tenuous and speculative to state a claim. Other than a conclusory allegation that because the PWSA did not know about the water line, it must have been the City that installed the water line, Mr. Smalis makes no other allegations to support this purported takings claim.

Second, Mr. Smalis also alleges that the City and the County's lead-based paint ordinances are takings. As to the County's ordinance, the County enacted the

*Fourth*, **Count 4 consists of solely state-law claims, and the Court will not exercise jurisdiction over them.** [6] Mr. Smalis claims that the City and County lead-based paint ordinances violate the Pennsylvania Constitution and the "Home rule Charter of City of Pittsburgh, Allegheny county[.]" ECF 90, p. 24, ¶ 55 (capitalization original). These are state-law claims. District courts may exercise supplemental jurisdiction over state-law claims that are related to federal claims. 28

---

ordinance in question on July 5, 2017, more than two years before this action was first filed. *See* ECF 1 (filed on December 13, 2019). Thus, any federal takings claim related to this ordinance is time-barred. As to the City's ordinance, Mr. Smalis alleges that it "imposes a severe burden on private property rights" because "[p]rior to [the] new ordinance City of Pittsburgh did not require [a] permit to paint or pointing of bricks which now existing paint & brick mortar on plaintiffs building build in 1960 contain lead interior & exterior including existing brick mortar." ECF 90, ¶¶ 40-41. Mr. Smalis concludes that the ordinance constitutes a taking because his property contains lead-based paint. *Id.* at 41. However, Mr. Smalis doesn't allege that he was required to perform remediation measures, and therefore suffered any injury-in-fact. Nor does he allege that he sought some type of variance or special exemption to limit or reduce any future remediation obligations.

A district court is "not compelled to accept unsupported conclusions and unwanted inferences[.]" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (cleaned up). A complaint cannot survive a motion to dismiss if it contains only "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Even construing Mr. Smalis's *pro se* allegations liberally, the allegations related to the water line and the takings claims for the City and County lead-based paint ordinances are too conclusory to survive a motion to dismiss.

[6] In Count 1, Mr. Smalis also claims that the City was using his property as a staging ground for community events and allowing the public to park on his property. ECF 90, ¶¶ 29-30, 39 ("In addition, the City's occupation or authorizing an uncompensated physical occupation of plaintiffs' property's, constitutes a regulatory taking"). Mr. Smalis previously brought this same claim as a state trespass claim in a former action. *Smalis v. City of Pittsburgh, Dep't of Pub. Works*, No. 15-1412, 2018 WL 889028 (W.D. Pa. Feb. 14, 2018) (Kelly, M.J.). In that case, the Court granted summary judgment on all of Mr. Smalis's federal claims and declined to exercise supplemental jurisdiction over the state-law trespass claim related to the parking issues. *Id.* Here, the Court construes this claim as a state-law trespass claim and declines to exercise supplemental jurisdiction over it.

U.S.C. § 1367.  A district court may decline to exercise supplemental jurisdiction, however, if it has dismissed all federal claims or if the claim raises a "novel or complex issue of State law[.]"  *Id.* § 1367(c)(1), (3).  Here, because the Court is dismissing all the federal claims in the case, it declines to exercise supplemental jurisdiction over the state-law claims regarding the lead-based paint ordinances.

* * *

Therefore, after careful consideration, it is hereby **ORDERED** that Defendants' motions to dismiss (ECF 93; ECF 110) are **GRANTED**.  Counts 1 and 3 of the fifth amended complaint (ECF 90) are **DISMISSED WITH PREJUDICE.**  Counts 2 and 4 of the fifth amended complaint (ECF 90) are **DISMISSED WITHOUT PREJUDICE.**  The Court does not grant leave to amend, since this is the sixth version of the complaint, and amendment at this point would be wasteful and futile.  The Clerk of Court shall mark this case as **CLOSED**.

Date: March 12, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

CC:
Anastasios Smalis
6652 Northumberland St
Pittsburgh, PA 15217