IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANASTASIOS SMALIS, | ) ) ) |
| Plaintiff, | ) ) 2:19-CV-1609-NR ) |
| v. | ) ) ) |
| CITY OF PITTSBURGH, et al., | ) ) ) |
| Defendants. | ) ) ) |

### **ORDER**

Before the Court is Plaintiff Anastasios Smalis's motion for reconsideration (ECF 119) of the Court's Order granting Defendants' motions to dismiss (ECF 118). After careful consideration, the Court denies Mr. Smalis's motion.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovery evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (cleaned up). To succeed on a motion for reconsideration, a party must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* Reconsideration "is an extraordinary remedy" which "should be granted sparingly." *Hartshorn v. Throop Borough*, No. 07-1333, 2009 WL 1323577, at *1 (M.D. Pa. May 7, 2009). New evidence "does not refer to evidence that a party obtains or submits to the court after an adverse ruling." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Instead, new evidence in the reconsideration context "means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.*

Mr. Smalis asserts "new facts and evidence of Conceal Fraud" as the basis for his motion. ECF 119, p. 1. Mr. Smalis identifies the following as new facts and evidence: (1) photographs of vehicles on the Ewing Street Lots; (2) email communications with the City about a "variance" related to the Ewing Street Lots; (3) lack of notice of the 2005 zoning ordinance due to his incarceration from 1999 to 2009; and (4) discovery of an agreement (which Mr. Smalis characterizes as a "franchise") between the City and Duquesne light. Unfortunately for Mr. Smalis, none of this evidence constitutes "new evidence" because it was all available to him before he filed his second amended complaint in 2023.

First, the photographs of vehicles parked on the Ewing Street Lots are from 2015, as Mr. Smalis acknowledges in his motion. ECF 119, pp. 2-4. Because nothing in the record suggests that this evidence was unavailable to Mr. Smalis when he filed his complaint, the photographs do not compel reconsideration. *Howard Hess*, 602 F.3d at 252.

Second, the 2018 email exchange between Mr. Smalis and the Zoning Board was also available to Mr. Smalis when he filed his complaint. ECF 119, p. 4. Because this email was available to him before he filed his second amended complaint, it cannot serve as the basis for reconsideration. Beyond that, the email is immaterial. The email states that Mr. Smalis "will need to request a variance"—this is not evidence that Mr. Smalis ever requested a variance. ECF 119-8, p. 2.

Third, Mr. Smalis's incarceration is not a valid basis for reconsideration for two reasons: (1) he "was made aware of the change of hillside in 2015" (ECF 119, p. 6) and could have brought his claims at that time; and (2) incarceration does not toll the statute of limitations in Pennsylvania. *Sampathkumar v. Chase Home Fin., LLC*, 241 A.3d 1122, 1147 (2020) ("In any event, imprisonment does not toll the statute of limitations." (citing 42 Pa. C.S. § 5533(a)).

Fourth, Mr. Smalis identifies a "franchise" between the City and Duquesne Light, stating that he "just became aware" of it. ECF 119, p. 8. Mr. Smalis does not provide a copy of a franchise agreement; instead, he speculates that he "would anticipate discovery in the federal case at hand on the franchise agreement also." *Id.* An alleged agreement that may or may not exist cannot serve as the basis for reconsideration.

Aside from the purported new evidence discussed above, Mr. Smalis's motion just repeats his prior arguments, which the Court already considered. A motion for reconsideration cannot "relitigate a point of disagreement between the Court" and the losing party. *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). As such, the Court finds that reconsideration is not warranted here.

* * *

Therefore, after careful consideration, it is hereby **ORDERED** that Plaintiff's motion for reconsideration (ECF 119) is **DENIED**.

Date: May 22, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

CC:
Anastasios Smalis
6652 Northumberland St
Pittsburgh, PA 15217